## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **CHARLES G. DAVIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No** |
| | ) | |
| **BUREAU OF ALCOHOL, TABACCO,** | ) | |
| **FIREARMS AND EXPLOSIVES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

Comes now Plaintiff Charles G. Davis, by and through his attorney, and pursuant to the Administrative Procedure Act, states as follows:

1. At all times relevant, Plaintiff Charles G. Davis, purchased, and is the lawful equitable owner of one single shot, break action firearm, originally made by the J Stevens Arms and Tool Company, serial number BQ824, which is and has been customized, and is accurately described on the transfer form as being "weapon made from a shotgun" no shoulder stock but has a hand grip, thus the item was redesigned not to be fired from the shoulder.

2. A "shotgun" is a weapon designed or redesigned, made or remade, and intended to be <u>fired from the shoulder</u> and designed or redesigned and made or remade to use the energy of the explosive in a fixed shotgun shell to fire through a smooth bore either a number of projectiles (ball shot) or a single projectile for each pull of the trigger.

3. The barrel length is accurately listed as 10.5 inches, and the overall length as 27 inches, which is in compliance with Illinois law for the overall length of weapons made from shotguns.

4. That Plaintiff originally purchased said firearm, and arranged for same to be transferred and registered to him, in accordance with the National Firearms Act's regulations, having Completed ATF Form 4, in total, in duplicate, along with fingerprints, in duplicate, 2x2 photographs, in duplicate, and payment of a $200.00 transfer excise tax.

5. That prior to the initial submission of said paperwork being approved by the ATF, the firearm was stolen, in a burglary, and the Defendant disapproved the transfer on that basis, of being stolen.

6. However, it was requested that Defendant go ahead and process and approve the transfer, on the hope that that the firearm would be recovered, and could thereafter be provided to Plaintiff, without having the wait the several months or sometimes more than a year common with these transfers.

7. Defendant never responded to the request that the firearm transfer paperwork be completed, however, the firearm was eventually recovered from the thieves, and once no longer needed as evidence in court, was returned to the prospective transferor.

8. At this time, on or about November 1, 2021, an ATF Form 4, in duplicate, was mailed, along with another $200 for a transfer tax, along with a cover letter asking Defendant to complete the original transfer request, and use the fingerprints and photographs on file, was mailed to defendant.

9. More than a year later, on January 13, 2023, Defendant DISAPPROVED the transfer, on the basis of a purported state law. No other reasons were listed or cited for the disapproval of the application.

10. No specific state law was cited by Defendant in denying the application, and Plaintiff is unaware of any Illinois statute that purports to ban said firearm, which is a firearm made from a shotgun, with an overall length of 27 inches.

11. That Defendant has approved for transfer, in recent years, similar firearms, of similar design and classification,

12. That the disapproval of the application, under the National Firearms Act, is and was arbitrary, capricious and contrary to existing law.

WHEREFORE, Plaintiff Charles Davis humbly requests this honorable Court to enter judgment in his favor, and vacate and reverse the denial of his Application to Transfer and Register a Firearm, and instead, direct Defendant to accept the $200 transfer tax payment remitted for said transfer, approve said Application to Transfer and Register a Firearm, and affix and cancel the required National Firearms Act transfer tax stamp to same, and to award Plaintiff his litigation costs and attorney fees as set forth in the Equal Access to Justice Act (" EAJA" ), 28 U.S.C. § 2412(d), and such other, further and different relief as allowed by law.

Dated:  1-30-2023                                                                   Respectfully Submitted,

By:s/Thomas G. Maag
Thomas G. Maag #76272640
Maag Law Firm, LLC
22 West Lorena Avenue
Wood River, IL  62095
618-216-5291
tmaag@maaglaw.com